IN THE SUPREME COURT
OF THE VIRGIN ISLANDS

**FILED**

September 21, 2023 02:04 PM
SCT-CIV-2020-0025
VERONICA HANDY, ESQUIRE
CLERK OF THE COURT

**For Publication**

## IN THE SUPREME COURT OF THE VIRGIN ISLANDS

| | |
|---|---|
| VIRGIN ISLANDS HOSPITALS AND HEALTH FACILITIES CORPORATION, MARIA C. JUELLE, P.A., JAMES W. FREEMAN, M.D., JOHN DOE, and JANE DOE,<br><br>        Appellants/Defendants,<br><br>v.<br><br>**JAH-I-DAH GUMBS,**<br>        Appellee/Plaintiff. | **S. Ct. Civ. No. 2020-0025**<br>Re: Super. Ct. Civ. No. 272/2017 (STT) |

On Appeal from the Superior Court of the Virgin Islands
Division of St. Thomas & St. John
Superior Court Judge: Hon. Renee Gumbs-Carty

Considered: December 15, 2020
Filed: September 21, 2023

Cite as: 2023 VI 11

BEFORE:     **RHYS S. HODGE**, Chief Justice; **MARIA M. CABRET**, Associate Justice; and **IVE ARLINGTON SWAN**, Associate Justice.

APPEARANCES:

**Aysha R. Gregory, Esq.**
**Michael R. Francisco, Esq.**
Assistant Attorney General
St. Thomas, U.S.V.I.
        *Attorneys for Appellants,*

**Rhea Regina Lawrence, Esq.,**
**Lee J. Rohn, Esq.,**
**Julie M. German Evert, Esq.**
Law Offices of Lee J. Rohn & Associates, LLC
St. Croix, U.S.V.I.
        *Attorneys for Appellee.*

## OPINION OF THE COURT

**CABRET, Associate Justice.**

¶1    The Virgin Islands Hospitals and Health Facilities Corporation d/b/a Schneider Regional Medical Center, Maria C. Juelle, P.A., and James W. Freeman, M.D., (collectively, the "Government defendants") appeal an interlocutory order of the Superior Court denying their motion for a bench trial. We dismiss the appeal for lack of jurisdiction.

### I.    BACKGROUND

¶2    On July 8, 2015, Appellee Jah-I-Dah Gumbs ("Gumbs") was injured in a motor vehicle accident and was taken by ambulance to the Schneider Regional Medical Center (the "hospital"). Gumbs asserts that Maria C. Juelle, P.A., and James Freeman, M.D., who worked in the hospital's emergency room, were negligent in failing to diagnose and properly treat her fractured pelvis, resulting in chronic pain and a need for ongoing medical care. Gumbs's June 19, 2017, complaint[1] demands a jury trial, alleges medical malpractice and seeks relief under the Virgin Islands Tort Claims Act ("Tort Claims Act")[2] and the Virgin Islands Medical Malpractice Act ("Medical Malpractice Act"). On February 10, 2020, the Government defendants filed a motion for a bench trial, arguing that Sections 3408 and 3413 of the Tort Claims Act – which require that trials of actions instituted under the Tort Claims Act be "by the Court sitting without a jury"[3] – are

---

[1] The first amended complaint was filed on January 15, 2020. The amended complaint retained the jury trial demand.

[2] V.I. CODE ANN. tit. 33, §§ 3401–3417.

[3] § 3408 Waiver of immunity from liability

(a) Subject to the provisions of section 3416 of this chapter, the Government of the United States Virgin Islands hereby waives its immunity from liability and action and hereby assumes liability with respect to injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government of the United States Virgin Islands while acting within the scope of his office or employment, under circumstances where

jurisdictional prerequisites to the voluntary waiver of sovereign immunity by the Government of the Virgin Islands. The Superior Court ruled that the Medical Malpractice Act superseded the Tort Claims Act and orally denied the Government defendants' motion from the bench on March 11, 2020.

¶3    The Government defendants filed a notice of appeal on March 23, 2020, and filed an amended notice of appeal on March 24, 2020, to clarify that the appeal was filed pursuant to the collateral order doctrine, which this Court adopted under *Enrietto v. Rogers Townsend & Thomas PC*, 49 V.I. 311, 319-320 (V.I. 2007). Gumbs followed with a motion to dismiss for lack of

---

the Government of the United States Virgin Islands, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. The Government consents to have the liability determined in accordance with the same rule of law as applied to actions in the courts of the Virgin Islands against individuals or corporations; Provided, That the claimant complies with the provisions of this chapter.

(b) The provisions of subsection (a) of this section shall not apply if the injury or loss of property is caused by the gross negligence of an employee of the Government of the United States Virgin Islands while acting within the scope of his office or employment.

(c) For the purpose of this chapter, if the Government of the United States Virgin Islands should enter into a contract with a privately owned company, pursuant to which motor vehicles owned by the Government are to be operated in performing public transit service, the private company, its agents, servants and employees, while operating such motor vehicles, shall be relieved of, and made immune from common law liability to the same extent as the Government of the United States Virgin Islands; and, its liability shall be the same as the limitations of liability which the Government is subject to under this chapter, and in particular, section 3416 of this chapter shall apply to the private operator, its agents, servants, and employees, the same as if the private operator were the Government, and its agents, servants and employees were Government employees; and, the Government shall be solely responsible for handling and defending such claims arising out of the operation of the motor vehicles in the public transit service and the Government shall also be responsible for paying such claims and judgments arising out of, or based upon the operation of the motor vehicles in the transit service. Nothing in this subsection shall be construed as exempting any private company, its agents, servants, or employees from liability for any acts of gross or wilful negligence whether or not such acts were within the scope of services performed for the Government, and no exemption from liability is granted for acts performed outside the scope of services performed for the Government.

. . . .

§ 3413. Trial by a judge

The trials of actions instituted in accordance with the provisions of section 3408 shall be by the Court sitting without a jury.

appellate jurisdiction, arguing that the order the Government defendants appealed is a non-final order which does not satisfy the requirements for review under the collateral order doctrine.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

¶4    This Court may not consider the merits of an appeal unless it first determines that it has jurisdiction over the matter. *V.I. Gov't Hosps. & Health Facilities Corp. v. Gov't of the V.I.*, 50 V.I. 276, 279 (V.I. 2008). Ordinarily this Court only has jurisdiction over appeals from a final judgment – one that "ends the litigation on the merits and leaves nothing to do but execute the judgment." *In re Joseph*, 65 V.I. 217, 222 (V.I. 2016) (citations omitted); see also *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994) ("[T]he general rule [is] that a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims... at any stage of the litigation may be ventilated."). However, certain non-final orders may be considered on appeal pursuant to the collateral order doctrine — a judicially created and extremely narrow exception to the final judgment rule—that applies to a "small class of prejudgment orders which finally determine claims of right separable from, and collateral to, rights asserted in the action, and are too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *In re Holcombe*, 63 V.I. 800, 815 (V.I. 2015) (citations omitted). To fall under this limited exception, the order appealed from must: first, "conclusively determine the disputed question"; second, "resolve an important issue completely separate from the merits of the action"; and third, "[the collateral concern raised must] be effectively unreviewable on appeal from a final judgment." *Enrietto*, 49 V.I. at 319 (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)). "[A] failure to meet even one of the three factors renders the doctrine inapplicable as a basis for appeal, no matter

how compelling the other factors may be." *Enrietto*, 49 V.I. at 319-320 (citing *Gov't of the V.I. v. Hodge*, 359 F.3d 312, 320 (3d Cir. 2004)).

¶5 We exercise plenary review of claims involving subject matter jurisdiction, including an alleged denial of sovereign immunity. *Hansen v. O'Reilly*, 62 V.I. 494, 507 (V.I. 2015) (citing *Brunn v. Dowdye*, 59 V.I. 899, 904 (V.I. 2013)).

## B. Discussion

¶6 The Schneider Regional Medical Center is a semi-autonomous government agency of the Government of the Virgin Islands, and pursuant to the Revised Organic Act of 1954, "no tort action shall be brought against the government of the Virgin Islands ... without the consent of the legislature." 48 U.S.C. § 1541. The Virgin Islands Tort Claims Act, V.I. CODE ANN. tit. 33, §§ 3401-3417, provides a mechanism for limited waiver of the Virgin Islands' immunity from suit so that a claimant may sue the Government in tort, *Fleming v. Cruz*, 62 V.I. 702, 718 (V.I. 2015), while the Medical Malpractice Act, 27 V.I.C. §§ 166-166*l*, sets out the conditions under which a claimant may file an action against a health care provider. *Brady v. Cintron*, 55 V.I. 802, 814 (V.I. 2011); see 27 V.I.C.§ 166i. If the claimant fails to comply with the requirements of the Medical Malpractice Act, the case must be dismissed for lack of jurisdiction. *Brady*, 55 V.I. at 828.

¶7 The Government defendants argue that a bench trial is a jurisdictional prerequisite to the voluntary waiver of its sovereign immunity from personal injury claims pursuant to the Tort Claims Act and thus the denial of a bench trial is a denial of its immunity, which is subject to immediate review under the collateral order doctrine. Gumbs disagrees, and counters that this issue is not appropriately before this Court because the third prong of the collateral order doctrine – that the concern raised must be effectively unreviewable on appeal from a final judgment – is not satisfied, since even if the Government defendants' motion for a bench trial was erroneously

denied, this question can be resolved after a final judgment. Gumbs further argues that the second Act applicable to its claim, the Medical Malpractice Act, allows for a trial by jury for medical malpractice claims against the Government.

¶8    That said, the acts, when read together, are not clear as to whether a claimant can opt for a jury trial when litigating a medical malpractice claim filed against the Government. While §3413 of the Tort Claims Act states that "trials of actions instituted in accordance with the provisions of section 3408[, Waiver of immunity from liability,] *shall be by the Court sitting without a jury*" (emphasis added), the Medical Malpractice Act allows for a trial by jury. V.I. CODE ANN. tit. 27, § 166ib(a) (referring to the court's instructions to the jury on how the jury should itemize compensation and compute damages). Whether a medical malpractice claim filed against the Government under both acts must be tried to the judge alone or can be tried before a jury is a question of first impression and it is a question we cannot resolve now because we lack the jurisdiction to do so.

¶9    The Government defendants argue that this Court possesses jurisdiction under the collateral order doctrine, which allows certain decisions that do not end the litigation to nonetheless be treated as final decisions for purposes of appeal if the determinations (1) are conclusive, (2) decide important questions wholly separate from the merits, and (3) would make the issue raised "effectively unreviewable" on appeal. *Moran v. People*, 2022 VI 9, ¶ 14. In other words, the right appealed would be forever lost if review is delayed until after final judgment has been issued. *Pickering v. People*, 64 V.I. 356, 362 (V.I. 2016) (discussing *Abney v. United States*, 431 U.S. 651, 660-62 (1977)); see also *Share v. Air Properties G. Inc.*, 538 F.2d 279, 282 (9th Cir. 1976) ("The collateral order doctrine provides appellate jurisdiction with respect to asserted rights which do not constitute an ingredient of the basic cause of action and which will be lost forever if the

disposition of the trial court is not reviewed on appeal prior to the adjudication of the basic cause."). This Court will only address the third prong of the collateral order doctrine as the Government has failed to show how this issue is unreviewable on appeal; therefore a discussion of the other two prongs is unnecessary.[4]

¶10　The Government defendants contend that this Court has immediate jurisdiction under the collateral order doctrine because the Tort Claims Act is a jurisdictional statute that constitutes a limited waiver of the Government's sovereign immunity, and that requiring the Government defendants to participate in a jury trial would in effect abrogate that immunity. To support its position, the Government defendants cite *Russell v. Richardson*, 905 F.3d 239 (3d Cir. 2018). *Russell* does not persuade us.

¶11　In *Russell*, a case involving the District Court's denial of immunity to a Superior Court deputy court marshal who was sued under the Tort Claims Act, the Third Circuit considered whether the question of qualified immunity was sufficiently important and separate from the merits of the underlying tort action to permit immediate review. The Third Circuit concluded that the District Court's order met all three prerequisites of the collateral order doctrine because: the denial of immunity conclusively determined that the Government could be sued, the question of immunity is a significant one, and the worth of the Government's ordinary "immunity from trial

---

[4] It is unclear whether the Appellants would be able to satisfy the first prong of the collateral order doctrine as well. While it is obvious that the issue presented on appeal is separate from the merits; it is not obvious that the Superior Court's decision is conclusive as it was issued orally. Courts are divided as to whether an oral order will satisfy the first prong of the collateral order doctrine. *Compare United States v. Scarfo*, 263 F.3d 80, 87-88 (3d Cir. 2001) (holding an oral order satisfies the first factor when the court's decision was final and conclusive) *with Reyes v. Freebery*, 192 Fed. Appx. 120, 126-27 & n.8 (3d Cir. 2006) (holding an oral order does not satisfy the first factor when the court indicated that it would have temporary effect and could be modified in the future); *See also Ueckert v. Guerra*, 38 F.4th 446, 450-53 (5th Cir. 2022). As the parties' briefs primarily address the third prong of the collateral order doctrine, we decline to resolve or address this issue at this time.

and the attendant burdens of litigation" would "for the most part be lost as litigation proceeds past motion practice." *Russell*, 905 F.3d at 254 (quoting *Fed. Ins. Co. v. Richard I. Rubin & Co.*, 12 F.3d 1270, 1281 (3d Cir. 1993) and *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 145 (1993)). However, unlike *Russell*, this matter does not involve the Government's immunity from trial. None of the parties in this case challenge whether the Government is subject to litigation proceedings through trial, they only disagree about the *kind* of trial, and "only an 'explicit statutory or constitutional guarantee *that trial will not occur*' creates the sort of right that supports immediate [appellate] review." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 801 (1989) (emphasis added). Moreover, "the collateral order doctrine is a narrow exception [to the final judgment requirement] and should never be allowed to swallow the rule." *Digital Equip. Corp.*, 511 U.S. at 863.

¶12 Given the collateral order doctrine's narrow scope as a limited exception to the final judgment rule, all three of its conditions require stringent application. *Gourmet Gallery Crown Bay, Inc. v. Crown Bay Marina, L.P.*, 68 V.I. 584, 594–95 (V.I. 2018). Because this Court can remand this case for a bench trial after a final judgment, the Government's ability to participate in a bench trial is not irretrievably lost by delaying appeal, and thus the third prong of the collateral order doctrine is not satisfied. Since the question of whether the Government is entitled to a bench trial is appropriately reviewable after a final judgment issues, this Court lacks jurisdiction at this time.

## II. CONCLUSION

¶13 The Superior Court's order is not an immediately appealable collateral order because the question of whether the Government is entitled to a bench trial instead of a jury trial based on the

Virgin Islands Tort Claims Act is effectively reviewable after the Superior Court enters a final

order. We therefore dismiss this appeal for lack of jurisdiction.

Dated this 1st day of September, 2023.

BY THE COURT:

**MARIA M. CABRET**
**Associate Justice**

ATTEST:

**VERONICA J. HANDY, ESQ.**
**Clerk of the Court**

By: /s/ Reisha Corneiro
    **Deputy Clerk**

Dated: September 21, 2023